# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | Case No. 1:18-cr-150 |
| Sheldon Schlecht, | ) | |
| Defendant. | ) | |

Defendant is charged in an Information with two offenses: (1) the unauthorized distribution of bait on the Lake George National Wildlife Refuge; and (2) soliciting business and conducting a commercial enterprise on the Lake George National Wildlife Refuge. His bench trial is scheduled to commence on January 7, 2019.

On October 3, 2018, the Government filed a motion requesting that the court take judicial notice pursuant to Fed. R. Evid. 201 of certain adjudicative facts regarding existing Lake George National Wildlife Refuge in Kidder County, North Dakota, and the status of the hunting rights on it. Specifically, it requests that the court take judicial notice that:

1) On June 15, 1939, the President of the United States, via executive order, established the Lake George National Wildlife Refuge, in Kidder County, North Dakota. [Doc. No. 16-1];

2) This executive order established that it is unlawful for any person to pursue, hunt, trap, capture, willfully disturb, or kill any bird or wild animal of any kind whatsoever within the limits of the refuge. [Doc. No. 16-1];

3) On April 29, 1939, the Salt Lake Land Company granted and conveyed to the United States of America a perpetual easement for migratory bird and wildlife conservation purposes and/or upon said lands and waters to operate and maintain a wildlife conservation demonstration unit and a closed refuge and reservation for migratory birds and other wildlife." [Doc. No. 16-2]; and

1

4) Although many refuges throughout the National Wildlife Refuge System allow various forms of hunting, pursuant to 50 CFR Section 32.7, the Lake George National Wildlife Refuge is not open for hunting. See 50 CFR Section 32.7. The Lake George National Wildlife Refuge is an easement refuge, meaning that the hunting rights are controlled and managed by the United States.

(Doc. No. 16). Defendant has yet to file a response or otherwise object to the Government's motion. D.N.D. Crim. L.R. 47.1(E) (" An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.").

Fed. R. Evid. 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201 further provides that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Such is the case here.

The Government has demonstrated the admissibility of the aforementioned facts through judicial notice. Accordingly, its motion (Doc. No. 16) is **GRANTED** and the court takes judicial notice of the aforementioned adjudicative facts.

**IT IS SO ORDERED.**

Dated this 28th day of November, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court